UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AUDREY KESSLER, Individually and On Behalf of All Others Similarly Situated, Plaintiff, <br><br> v. <br><br> GMAC MORTGAGE, LLC, Defendant. | No. <br><br> CLASS ACTION COMPLAINT <br><br> <u>JURY TRIAL DEMANDED</u> |

## I.    <u>INTRODUCTION</u>

1.      Plaintiff Audrey Kessler ("Plaintiff") alleges the following facts upon personal knowledge as to herself and her own acts, and upon information and belief as to all other matters.

2.      Plaintiff brings this action on behalf of herself and all others similarly situated, to obtain monetary and other appropriate relief for Plaintiff and Members of the Class (as defined below) as a result of the unlawful practices of Defendant GMAC Mortgage, LLC ("Defendant" or "GMAC").

3.      GMAC routinely adds a late payment charge to the schedule of amounts due when all GMAC mortgagors request a payoff letter to repay their note early (the "Late Fee"). These Late Fees are improper and unlawful because the mortgage payments tendered were in fact timely and no Late Fee should have been assessed.

4.      As set forth in detail below, claims are asserted on behalf of Plaintiff and the Class for unjust enrichment, breach of contract and to enjoin GMAC from automatically adding a Late Fee to all payoff letters.

## II.   NATURE OF THE ACTION

5.     This is a class action brought on behalf of all GMAC mortgagors who were assessed the Late Fee when paying off their GMAC-serviced home loans from December 30, 2005 through and including the present (the "Class Period"), despite their loan payment not being late.

6.     At all relevant times, GMAC engaged in originating and servicing residential mortgages throughout the United States.  The Company operates three primary business units: GMAC Mortgage, GMAC Home Services, and GMAC Bank.  The GMAC Mortgage business unit originates first and second lien residential mortgage loans through a network of retail offices, direct lending centers, and several Internet sites.  The GMAC Home Services business unit provides real estate services directly to customers.  GMAC Bank provides online banking services, which include money market savings accounts and fixed-term certificates of deposit. GMAC Mortgage, LLC was formerly known as GMAC Mortgage Corporation.  The Company was founded in 1985 and is headquartered in Fort Washington, Pennsylvania.

7.     Throughout the Class Period, Defendant GMAC included a late payment fee in all payoff quotes requested by customers.  The Late Fee, consisting of 3% of the monthly loan payment due, was unlawfully included in each and every home mortgage loan paid off during the Class Period.  The addition of the Late Fee is unlawful because the payoffs as tendered to GMAC were in fact timely made.

8.     As a result of Defendant's misleading and unlawful actions, Plaintiff and other members of the Class have suffered significant damages.

9.     The claims on behalf of Plaintiff and members of the Class arise under federal law for breach of contract and unjust enrichment.

### III.   JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332(d).  The Plaintiff is a citizen of the Commonwealth of Massachusetts and the

defendant is a corporation organized in and thus a citizen of the State of Delaware.  The amount

in controversy exceeds $5,000,000.00.

11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1).  Pursuant to

28 U.S.C. § 1391(c), the defendant is deemed to reside in this District because it is subject to

personal jurisdiction in this District.  In addition, Pursuant to 28 U.S.C. § 1391(a)(2) a substantial

part of the events or omissions giving rise to the claims herein occurred in this District.

### IV.   PARTIES

12.     Plaintiff, Audrey Kessler, is an individual owning property in and a resident of the

Commonwealth of Massachusetts.  As described herein, Plaintiff was damaged by Defendant

GMAC's unlawful acts and practices.

13.     Defendant GMAC is a Delaware limited liability corporation with its principal

place of business located in Fort Washington, Pennsylvania.  GMAC is a wholly owned

subsidiary of Ally Financial, Inc.  GMAC is the servicer of tens of thousands of mortgage loans.

According to recent data, GMAC is the fifth-largest U.S. home-loan servicer with approximately

$349 billion worth of loans.

### V.   FACTUAL ALLEGATIONS

A.   Background

14.     In the typical residential lending scenario, there are two parties to a real property

mortgage – the mortgagee, *i.e.*, a lender, and the mortgagor, *i.e.*, a borrower.  When a mortgage

lender loans money to a homebuyer, it obtains two documents: 1) a promissory note in the form

of a negotiable instrument from the borrower; and 2) a "mortgage" or a "deed of trust"[1] granting

the mortgage lender a security interest in the property as collateral to repay the note.  The

mortgage, as distinguished form the note, establishes the lien on the property securing the

repayment of the loan.  For the lien to be perfected and inoculate the property against subsequent

efforts by the mortgagor to sell the property or borrow against it, however, the mortgage

instrument must be filed in the registry of deeds in the county in which the property is located.

15.    For most individuals, a mortgage is typically the largest and most serious

financial obligation ever undertaken.  Mortgages are originated by a variety of financial

institutions, including GMAC.

16.    Depository institutions, which accept deposits from the public and lend that

money to households and businesses, are one type of originator.  Depository institutions include

commercial banks as well as credit unions, savings and loan associations, and mutual savings

banks.  Depository institutions are regulated by several federal and/or state agencies charged

with ensuring the safety and soundness of these institutions.

17.    Non-depository institutions, called mortgage companies or mortgage banks, also

originate mortgages.  Mortgage companies borrow money from banks (or they issue bonds) and

lend that money to consumers in the form of mortgage loans.  They typically then sell those

loans to other financial institutions and use that money to originate additional mortgages.

18.    Holding companies or other financial institutions sometimes own mortgage

lenders.  Some mortgage companies are owned by depository institutions, and are therefore

subsidiaries of a depository.  Others are owned by holding companies that also own a depository

---

[1]    The law of the state in which property is located generally will determine whether a "mortgage" or a "deed of trust" is used to pledge real property as security on a note.  In title theory states such as Massachusetts, title to the mortgage property is divided into legal title, held by the lender, and equitable title, held by the borrower.  The borrower gains full title to the property upon repayment of the mortgage debt.

institution and are therefore an affiliate of a depository.  Mortgage companies that are not a

subsidiary or an affiliate of a depository institution are called independent mortgage companies.

19.     One of the most common types of mortgages is the 30-year fixed rate mortgage

("FRM"), in which the interest rate is fixed for the entire terms of the loan and the borrower is

required to make a series of equal monthly payments until the loan is paid off.  The fixed

payment amount that results in the loan being fully paid off at the end of the term is called the

fully amortizing payment amount.

B.      Plaintiff's Mortgage

20.     On May 1, 2009, Plaintiff Kessler executed a promissory note reflecting a

promise to pay $417,000.00 plus interest in a standard Fannie Mae/Freddie Mac Uniform

Instrument with a 30-year fixed rate term, with payments beginning on July 1, 2009 to

The Mortgage Place, Inc. (the "Note").[2]  The underlying property secured by the note and

accompanying mortgage is Plaintiff's home in Mansfield, Massachusetts.

21.     Paragraph 6(A) of the Note includes a provision detailing late charges for

overdue payments and reads as follows:

> If the Note Holder has not received the full amount of any monthly
> payment by the end of 15 calendar days after the date it is due, I will pay a
> late charge to the Note Holder.  The amount of the charge will be 3.000%
> of my overdue payment of principal and interest.  I will pay this late
> charge promptly but only once on each late payment.

22.     On May 13, 2009, GMAC or its predecessor in interest caused a mortgage

dated May 1, 2009 to be filed in the Bristol County Registry of Deeds.  The Mortgage

was executed by Plaintiff and her husband as tenants in the entirety and created a security

---

[2] A true and correct copy of the Note is attached hereto at Exhibit A.

interest in plaintiff's home (the "Mortgage") and naming Mortgage Electronic Registration Systems, Inc. as Beneficiary.[3]

23.      Plaintiff Kessler, or someone acting on her behalf, contacted GMAC to obtain a payoff quote on the Mortgage.  Plaintiff then received a letter from GMAC dated August 23, 2011 quoting the payoff amount as of $406,601.36 and including a charge for per diem interest of $56.6621.[4]  Plaintiff Kessler timely made her monthly payment to GMAC in August 2011 and that monthly payment was not late.  Nonetheless, GMAC added a late payment charge of $68.11 to the payoff quote that was termed "Late Charges Outstanding".

24.      On September 12, 2011, Plaintiff submitted a final and timely payoff to GMAC in full satisfaction of the Mortgage.  Included in the payoff amount was the $68.11 GMAC Late Fee. On October 3, 2011, GMAC caused a Release of Mortgage to be filed in the Bristol County Registry of Deeds acknowledging full and complete payment and satisfaction of the Mortgage.[5]

25.      Because Plaintiff's payoff to GMAC was in fact timely – *i.e.*, it was paid before September 15, 2011 – there existed no justification for the assessment of the Late Fee by GMAC under the terms of the Note or otherwise.  The Late Fees paid by Plaintiff and the Class amount to a financial (and unjust) windfall for GMAC.

26.      Plaintiff's counsel has reviewed dozens of Payoff Statements sent by GMAC to various mortgagors who requested payoff letters in order to payoff their

---

[3] A true and correct copy of the Mortgage is attached hereto at Exhibit B.

[4] A true and correct copy of the Payoff Letter is attached hereto as Exhibit C.

[5] A true and correct copy of the Mortgage Release is attached hereto at Exhibit D.

mortgages early.   In every Payoff Statement reviewed by counsel, GMAC included a charge termed "Late Charges Outstanding".   None of the mortgages which were reviewed, and for which GMAC assessed a Late Payment charge, were in fact late. Moreover, a former GMAC mortgagor informed counsel that after his GMAC loan was paid off, he called GMAC to question the Late Payment charge and he was told that GMAC automatically adds this charge to all Payoff Statements as they assume a late payment will occur.   GMAC refunded the Late Payment charged to this individual.

## VI.   CLASS ACTION ALLEGATIONS

27.     Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of: all individuals who entered into a Fannie Mae/Freddie Mac Uniform Instrument and who timely paid off their mortgage obligation to GMAC from December 30, 2005 through and including the present but who were improperly assessed a Late Fee.

28.     The members of the Class are located in geographically diverse areas and are so numerous that joinder of all members is impracticable.   Throughout the Class Period, GMAC held approximately $349 billion worth of mortgages in the U.S., making it the country's fifth-largest holder of mortgage debt.   According to the Mortgage Bankers' Association, approximately 9.3% of all outstanding mortgages were refinanced in 2011 and approximately 18% of all mortgages were refinanced in 2009.   Although the exact number of Class members is unknown at this time and can only be ascertained through appropriate discovery, Plaintiff believes there are tens of thousands of members of the Class who paid off their mortgage loans to GMAC during the Class Period.

29.     Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual members of the Class.  Among the questions of law and fact common to the Class are:

     (a)     Whether GMAC improperly assesses a Late Fee on all Payoff Statements;

     (b)     Whether GMAC was unjustly enriched by the assessment of the Late Fee;

     (c)     Whether GMAC assessed Late Fees in violation of the Note executed by Plaintiff and the Class;

     (d)     Whether GMAC should be enjoined from routinely adding Late Fees to all Payoff Statements; and

     (e)     Whether the members of the Class have sustained damages and, if so, the proper measure of damages.

30.     Plaintiff's claims are typical of the claims of the members of the Class as Plaintiff and members of the Class sustained damages arising out of Defendants' wrongful conduct in violation of applicable law as complained of herein.

31.     Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.  Plaintiff has no interests antagonistic to, or in conflict with, those of the Class.

32.     A class action is superior to alternative methods for the fair and efficient adjudication of this controversy since joinder of all members of this Class is impracticable. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

33.     This action is maintainable as a class action because questions of law and fact common to the members of the class predominate over any questions affecting only individual

members and because a class action is superior to other available methods for the fair and

efficient adjudication of the controversy.

34.     This action seeks to enjoin the practices at issue and provide for equitable

restitution of fees illegally collected and incidental damages.

## COUNT I
### (Unjust Enrichment)

35.     Plaintiff repeats and re-alleges each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

36.     This Count is asserted against Defendant GMAC for improperly charging Plaintiff

and the Class a 3% late fee in their mortgage payoff letter, and collecting and retaining such fee,

despite that Plaintiffs were not late in paying their mortgage.  As a result of the conduct

described herein, Defendant has been and will be unjustly enriched at the expense of the

Plaintiffs and the Class.  Specifically, Defendant has charged all GMAC mortgagees a 3% late

fee when they send out a payoff letter even though the monthly payment is not late.

37.     Defendant should be ordered to return these funds that have unjustly enriched it.

## COUNT II
### (Breach of Contract)

38.     Plaintiff repeats and re-alleges each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

39.     Plaintiff and each member of the Class entered into a standard and conforming

Note with GMAC which provided, among other things, that if a mortgagee pays makes its

monthly mortgage payment 15 days after the due date, the mortgagee would be assessed a 3%

late fee.

40.     In breach of the contract, Defendant assessed a 3% late payment fee on all payoff

letters even though the monthly payment was not late.  As a proximate result of the braches of

contract by Defendant, Plaintiff and the class members have been wronged in that Plaintiff and the class paid the fees referenced herein.  Plaintiff and the class are entitled to restitution of fees illegally collected pursuant to said Notes and other documents.  Plaintiff and the class are also entitled to incidental damages in an amount to be proven at trial.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on her own behalf and on behalf of the Class, prays for judgment as follows:

(a)     Determining this action to be a proper class action and certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

(b)     Awarding compensatory damages in favor of Plaintiff and the other members of the Class against Defendant, jointly and severally, for the damages sustained as a result of the wrongdoings of Defendant, together with interest thereon;

(c)     Awarding Plaintiff the fees and expenses incurred in this action including reasonable allowance of fees for Plaintiff's attorneys and experts;

(d)     Granting an injunction permanently forbidding defendant from committing the practices alleged herein in the future or declare the same unlawful and award incidental damages; and

(e)     Granting such other and further relief as the Court may deem just and proper.

## VIII.   JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury.


DATED:  December 30, 2011

BLOCK & LEVITON LLP

By:

Jeffrey C. Block (BBO #600747)
Jason M. Leviton (BBO #678331)
Scott A. Mays (BBO #663396)
155 Federal Street
Suite 1303
Boston, MA 02110
Telephone:  (617) 398-5600
Facsimile:  (617) 507-6020

*Attorneys for Plaintiff Audrey Kessler*